## SCOTT v. BLACKBURN, et al.

Court of Appeals of Kentucky.

May 1, 1951.

J. Erwin Sanders, Pikeville, for appellant.

Wine, Venters & Stephenson, Pikeville, for appellees.

CAMMACK, Chief Justice.

This is a passway case in which neither side is satisfied with the judgment of the chancellor, who viewed the premises. The principal dispute relates to the width of the passway on the division line between the property of Ernest Scott and the Blackburns.

Each party claims from a common source. The only outlet for the appellee's property is down a branch over the property of the appellant to the highway which runs along Johns Creek. Formerly, the passway followed the branch, but when the highway was built in 1935 it was necessary for the lower end of the way to be re-located. The distance from a sycamore on the branch, which is a corner on the line between the property of the appellant and that of the appellees, to the corner of the appellant's yard fence is approximately 35 feet. The appellees claim that the passway enters their property near the corner of the appellant's yard fence. On the other hand, the appellant claims that the passway was originally, and now should be, located near the sycamore tree. Recently, the appellant built a board fence, some 19 feet in length, running from the corner of his yard. This narrowed the passway to 15½ feet on the division line. This is the approximate width of the way which runs from the division line to the highway. There appears to be no material disagreement over this pass-

way other than as has been indicated, except that there is a claim on the part of the appellant that it is a permissive way. On the other hand, it is shown exclusively by the proof that, insofar as the appellees are concerned, the way is one of necessity and has long been used as the outlet from their property to the highway.

After viewing the premises the chancellor directed that the appellant remove four feet of his board fence, thereby leaving an opening on the division line 19 feet and 7 inches in width, measuring from the sycamore. An entrance of this width was considered necessary for the movement of automobiles and trucks on to the appellees' property.

■ We think the chancellor properly disposed of the case. Certainly the appellees were not entitled to a passway 35 feet in width (the distance from the sycamore to the appellant's yard fence). On the other hand, they were entitled to a passway sufficient in width on the division line to permit the movement of trucks and other automotive equipment.

Wherefore, the judgment is affirmed on both the original and the cross appeal.